**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0045-23

FRANCES J. HOFFMAN,

     Plaintiff-Respondent,

v.

BRUCE W. HOFFMAN,

     Defendant-Appellant.

_____

Argued February 12, 2025 – Decided April 4, 2025

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0908-98.

Bonnie C. Frost argued the cause for appellant (Einhorn, Barbarito, Frost & Botwinick, attorneys; Bonnie C. Frost, of counsel and on the brief; Matheu D. Nunn and Jessie M. Mills, on the briefs).

Frances J. Hoffman, respondent, argued the cause pro se.

PER CURIAM

Defendant Bruce W. Hoffman appeals from an August 4, 2023 Family Part order denying his motion to vacate his alimony and child support arrears, compel plaintiff Frances J. Hoffman to provide an updated case information statement (CIS), determine "actual" emancipation dates for the parties' children, and award him counsel fees and costs. We reject defendant's contentions and affirm.

This appeal is the latest installment in a long-running post-judgment matrimonial dispute between the parties. Following their nineteen-year union, the parties' marriage was dissolved by a January 19, 2000 dual judgment of divorce (DJOD), incorporating a property settlement agreement (PSA), voluntarily reached with the assistance of counsel. Between 1983 and 1992, four children were born of the marriage.

Pursuant to the terms of the DJOD, defendant was required to pay plaintiff permanent alimony and $866 per week in child support. As the present motion judge accurately observed, "[a]t the time of the divorce, [d]efendant owned and operated a lucrative ice cream business. In exchange for waiving any interest in this business, [p]laintiff retained the marital home." Eventually, however, "a receiver was appointed to liquidate [d]efendant's ice cream business and use the proceeds therefrom to satisfy his support obligations." Defendant then obtained employment at a grocery store. Various courts found he was underemployed.

A-0045-23

During the past two decades, defendant filed a myriad of motions: challenging the validity of the PSA; seeking termination of his spousal and child support obligations; requiring plaintiff to provide a CIS; and requesting a plenary hearing. We have repeatedly affirmed the motion judges' denials of defendant's various applications; our Supreme Court and the United States Supreme Court have denied defendant's ensuing petitions. See Hoffman v. Hoffman (Hoffman I), No. A-0986-03 (App. Div. May 27, 2004); Hoffman v. Hoffman (Hoffman II), No. A-4509-05 (App. Div. May 4, 2007), cert. denied, 552 U.S. 1317 (2008); Hoffman v. Hoffman (Hoffman III), No. A-4259-07 (App. Div. June 1, 2009), certif. denied, 200 N.J. 365 (2009), cert. denied, 559 U.S. 1009 (2010), reh'g denied, 559 U.S. 1117 (2010); Hoffman v. Hoffman (Hoffman IV), No. A-4309-10 (App. Div. Dec. 2, 2011), certif. denied, 210 N.J. 27 (2012); Hoffman v. Hoffman (Hoffman V), No. A-5632-12 (App. Div. June 26, 2014); Hoffman v. Hoffman (Hoffman VI), No. A-3117-14 (App. Div. Feb. 6, 2017), certif. denied, 230 N.J. 411 (2017); Hoffman v. Hoffman (Hoffman VII), No. A-1363-17 (App. Div. Feb. 15, 2019), certif. denied, 239 N.J. 507 (2019); Hoffman v. Hoffman (Hoffman VIII), No. A-2197-19 (App. Div. Dec. 17, 2020), certif. denied, 245 N.J. 369 (2021).

A-0045-23

Less than two years after the Court denied certification in <u>Hoffman VIII</u>, defendant filed the present motion before Judge Stacey D. Adams, who had not previously decided his prior applications. Represented by counsel, defendant argued alimony should be terminated and any arrears vacated because he had attained retirement age. Defendant also challenged his child support arrears, arguing he overpaid after the children were deemed emancipated in prior orders.

In the August 4, 2023 order and accompanying written decision, Judge Adams granted the portion of defendant's application to terminate alimony and reduce and recalculate his child support arrears, but denied all other relief sought, including defendant's request for counsel fees. The judge commenced her thorough and well-reasoned decision by summarizing the "lengthy and complex procedural history" and pertinent facts. Noting a trial court "does not sit as an appellate division, nor does it have the authority to overturn or reconsider the decisions of other judges and higher courts rendered over the past two decades," the judge declined to address defendant's contentions that were "definitively decided in the past."

Judge Adams nonetheless recognized defendant failed to satisfy a change of circumstances warranting a plenary hearing on his changed circumstances argument. <u>See</u> <u>Lepis v. Lepis</u>, 83 N.J. 139, 146 (1980) (requiring the moving

A-0045-23

party demonstrate a change of circumstances before the court may order a plenary hearing).  The judge stated instead of providing the requested financial information, "[d]efendant filed yet another appeal."  See Hoffman VI, slip op. at 3 (noting defendant's failure to submit his financial information did "not allow[] the trial court to fully adjudicate the issue of his continuing alimony obligation"); see also Hoffman VIII, slip op. at 4 (affirming the judge's determination that a plenary hearing was not required where defendant "failed to show any efforts 'to improve his position' or 'why he [was] incapable of finding other employment'" (alteration in original)).

In her decision, the judge focused on the two new arguments raised by defendant:  termination of alimony and overpayment of child support.  The judge's detailed analysis of these issues reflects her thorough review of the prior post-judgment orders and the governing legal principles.

Finding defendant had reached full retirement age, the judge terminated defendant's alimony obligation, effective October 18, 2022, the date he filed his motion, including any accumulated arrears as of that date.  The judge noted plaintiff consented to termination of alimony.  The judge denied as moot defendant's application to compel plaintiff to provide an updated CIS.

Turning to defendant's application to terminate child support, the motion judge found the probation department erroneously deemed the three oldest children emancipated on June 6, 2013, well beyond their twenty-third birthdays. "[C]onsistent with the statutory framework governing emancipation," the judge deemed the three oldest children emancipated on their twenty-third birthdays in 2006, 2009, and 2010.[1] The judge found no "evidence [was] presented that would warrant an earlier emancipation date." Referencing a 2015 order, the judge left intact a prior judge's determination that the youngest child was emancipated on her May 30, 2016 college graduation date. The judge ordered a recalculation and reduction of defendant's child support arrears, accordingly.

Represented by the same attorney on appeal, defendant now argues his right to due process was violated because – twenty years ago – a previous judge acknowledged an ability-to-pay hearing was necessary but never scheduled, causing "a substantial and detrimental ripple effect" on his accruing arrears and support obligations. Defendant further argues the judge erroneously: concluded plaintiff was not required to prove an updated CIS under N.J.S.A. 2A:34-23(j)(3); found "no basis to vacate alimony arears prior to the October 18, 2022

---

[1] Because the third oldest child was born in 1989, his twenty-third birthday was in 2012. Because plaintiff does not challenge this error, we decline to remand for recalculation of arrears.

termination date"; "failed to determine the children's actual emancipation dates"; and "failed to conduct any analysis" on his fee application.

We have considered defendant's contentions in view of the governing legal principles, including our deferential standard of review, see e.g., Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012), and conclude they lack sufficient merit to warrant discussion in our written opinion, R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by Judge Adams in her cogent written decision.

We add only the following comment regarding the judge's denial of defendant's counsel fee request. As we stated in our 2019 decision, affirming the motion court's denial of defendant's similar fees request, "[a]n award of counsel fees to relitigate issues already resolved is counterproductive and unwarranted." Hoffman VII, slip op. at 14. Moreover, defendant failed to prevail on most of his contentions, plaintiff consented to the termination of alimony, and the reduction in child support arrears was attributed to the probation department's error. We therefore discern no error in the judge's denial of the fee application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0045-23